UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


CARLOS CHRISTOPHER,           )        Case No.: 1:10 CV 2937
                              )
        Petitioner,           )        JUDGE SOLOMON OLIVER, JR.
                              )
        v.                    )
                              )
TERRY TIBBALS, Warden,        )
                              )
        Respondent            )        <u>ORDER</u>


On December 29, 2010, Petitioner Carlos Christopher ("Petitioner" or "Christopher"), filed

a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality

of his convictions for aggravated murder, aggravated robbery, and aggravated burglary.  (ECF No.

1, at 1.)  Petitioner raised three grounds for relief in his Petition, all based on violations of his due

process rights under the Fourteenth Amendment: (1) the evidence was not sufficient to establish

beyond a reasonable doubt that Petitioner was guilty of aggravated murder with a capital

specification; (2) the evidence was not sufficient to establish beyond a reasonable doubt that

Petitioner was guilty of aggravated burglary with a felony-murder specification; and (3) the evidence

was not sufficient to establish beyond a reasonable doubt that Petitioner was guilty of aggravated

robbery with a felony-murder specification.  (*Id.* at App., ECF No. 1, at 21, 27–28,  .)

This case was referred to Magistrate Judge George J. Limbert for preparation of a report and

recommendation ("R&R").  The Magistrate Judge issued his Report and Recommendation on May

10, 2012, recommending that the Petition be denied. (ECF No. 9.)  Specifically, the Magistrate Judge acknowledged that there may be procedural barriers to the court's review of grounds two and three of the Petition because Petitioner failed to raise them as distinct assignments of error before the state court. The Magistrate Judge determined, however, that because they were presented to the state court as part of another ground for relief and the state court addressed them, this court should review grounds two and three on the merits. After delineating the evidence particular to each charge, Magistrate Judge Limbert concluded that the evidence was sufficient to permit a factfinder to reasonably conclude that the State had established guilt beyond a reasonable doubt as to each charge. He further concluded that the Petition should be denied because Petitioner failed to establish that the state court's decision was contrary to or an unreasonable application of clearly established Federal law or was an unreasonable determination of the facts in light of the state court proceeding. (R & R, at 22–27, ECF No. 9.)

On May 24, 2012, Petitioner filed a Notice of Intent Not to File Objections. In this document, Petitioner represents that he will not file objections to the Magistrate Judge's R&R. By failing to file objections, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, Petitioner explained that "he will not attempt to continue the habeas procedure," which suggests that Petitioner further withdraws his Petition. Nonetheless, the court reviewed the Petition.

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 9.) Consequently, Christopher's Petition is hereby denied, and final

judgment is entered in favor of Respondent.  The court further certifies that pursuant to 28 U.S.C.

§ 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis

upon which to issue a certificate of appealability.

      IT IS SO ORDERED.

                                     /s/ *SOLOMON OLIVER, JR.*
                                     CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT

July 27, 2012